[See Goodwin v. U. S., 17 Wall. (84 U. S.) 515.]

## Case No. 5,552.

GOODWIN et al. v. The C. DURANT.

[43 Hunt, Mer. Mag. 70.]

District Court S. D. New York. July, 1860.

TOWAGE—LIABILITY FOR NEGLIGENCE.

[1. An action to recover damages arising out of the negligent performance of a towing contract rests in contract and not in tort.]

[2. Where the tug acts pursuant to the direction of the owners of the tow and a pilot employed by them it is not liable for resulting damages.]

[This was a libel in rem by Ebenezer Goodwin and others against the tug C. Durant for damages for negligence.]

Before BETTS, District Judge.

The libelants, owners of the bark Elizabeth, sue to recover $212.50 damages, alleging that in October, 1856, they employed the tug to tow the bark to sea, and that in doing so she carelessly towed the bark against a schooner, injuring the bark to the amount of $100, and the schooner to the amount of $112.50, which the libelants had to pay. The evidence showed that the libelants first employed the tug to tow the bark from a dock in Brooklyn to anchorage ground in the North river, on which voyage the injury spoken of took place, and then made a subsequent agreement that the tug should tow the bark to sea for $30. One of the libelants brought with him a pilot to superintend the removal of the bark to the North river, and the manner of hauling her from the dock and conducting the voyage was conducted by them, and the pilot in charge of the tug followed their orders.

HELD BY THE COURT: That the gist of the action rests in contract and not in tort. That if the bark received injuries by negligence in the management of the tug, that fault was attributable to the libelants and their agent, the pilot, and not to the owners of the tug, who acted pursuant to the directions of the libelant and the pilot. Libel dismissed, with costs.